UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20479-CR-MORENO

UNITED STATES OF AMERICA

v.

AIFA SEAFOOD INC.
                            Defendant. /

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida and **AIFA SEAFOOD INC.** (AIFA) (hereinafter referred to as the "defendant") enter into the following agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I.    Guilty Plea

A.    The defendant agrees to plead guilty to Count 2 of the Indictment filed against it, which count charges the defendant did knowingly cause to be made and submitted, a false record, account, label for, and false identification of fish and wildlife, namely spiny lobster (*Panuluris argus*), with a market value greater than $350, in that defendant directed the repackaging and false labelling of spiny lobster imported from Haiti as product of the United States, said lobster being intended for sale and transportation in foreign commerce to China, and did aid and abet other persons in so doing, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A), and Title 18, United States Code, Section 2.

B.    The defendant agrees to admit that it is in fact guilty of the felony offense charged in the Indictment through the actions of its employees, acting within the scope of their

1

employment.

    II.    <u>Corporate Authorization and Organizational Changes</u>

    A.    The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that AIFA is authorized to plead guilty to the felony offense set forth in Count 2 of the Indictment, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its President is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the AIFA Board of Directors, required for such authorization, have been observed. The defendant agrees that the President of the company shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

    B.    At all relevant times, AIFA ELITE was a corporation organized under the laws of the State of Florida with its principal place of business at 30 N.W. 12th Street, Florida City, FL, which was engaged in the domestic and international wholesale trade of crustaceans and other seafood products, including Spiny Lobster.

    III.    <u>Sentencing Guidelines and Penalties</u>

    A.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1(A) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

      B.     The parties agree that the maximum amount of the fine which may be imposed for each of the offenses brought under the statute charged in Count 2 is the greater of: a fine of up to $500,000 per count, or twice the gross pecuniary gain or loss resulting from the offense pursuant to Title 18, United States Code, Section 3571(d) and 3571(c)(3). In addition, the defendant understands and agrees that it may be subject to a term of probation of not more than 5 years. Title 18, United States Code, Section, 3561(c)(1).

      C.     Defendant further agrees that any fines and penalties imposed by the Court at sentencing may be directed as permitted by law to various reward funds to be designated by the United States.

D. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400.00 will be imposed on the defendant, payable to the "Clerk, United States District Court" at the time of sentencing. Title 18, United States Code, Section 3013(a)(2)(B).

E. The defendant is aware that the sentence has not yet been determined by the court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The defendant further understands that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A, above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both.

F. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

IV. <u>Additional Liability</u>

A. The United States agrees that in return for AIFA's representations and undertakings in this agreement, the United States will not file additional charges against it in the Southern District of Florida for violations associated with improper export transactions involving Spiny Lobster known and disclosed to the United States, as of the date of this agreement. This plea agreement does not provide or promise any waiver of any civil or administrative actions that may apply, including, but not limited to: fines, penalties, suspensions, debarment listing, licensing revocation or denial, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

V. <u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>

The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 would normally afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from

5

the above waiver of its right to appeal the sentence. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of its right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

VI. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538

**Reviewed and agreed to:**

Date: 3/7/2023

_____
JEROME A. BALLAROTTO, ESQ.
ATTORNEY FOR DEFENDANT

Date: 3/7/2023

_____
JIU FA CHIEN, PESIDENT
AIFA SEAFOOD INC.

Mandarin Interpreter

6